MARSHALL v. SAGINAW VALLEY TRACTION CO.

1. EVIDENCE—STATEMENTS TO PHYSICIAN—HEARSAY.
   Complaint made to the physician by plaintiff soon after the injury, that she was unable to sleep, is competent testimony.

2. SAME.
   Testimony of the physician that he could determine whether or not plaintiff was tender at a certain point, in the absence of cross-examination showing that he reached his conclusion from statements made to him, was not objectionable.

3. SAME—WEIGHT.
   The verdict is held to be supported by the weight of evidence.

4. DAMAGES—EXCESSIVE AMOUNT.
   A verdict of $1,500 is not excessive for injuries caused by plaintiff's being knocked down in boarding a street car, caught under the step, and bruised on head and body, where she was subject to recurring pains nearly a year after the injury.

Error to Saginaw; Gage (Chauncey H.), J. Submitted June 21, 1909. (Docket No. 59.) Decided July 6, 1909.

Case by Eliza Marshall against the Saginaw Valley Traction Company for personal injuries. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Weadock & Duffy*, for appellant.

*Beach, O'Keefe & Rockwith*, for appellee.

BROOKE, J. This action was brought to recover damages for injuries claimed to have been sustained by plaintiff in boarding one of defendant's cars at the corner of Franklin and Genesee streets in the city of Saginaw upon the 4th day of November, 1907. Plaintiff claims that on the above afternoon she was at the corner of Genesee and Franklin streets, and was standing near the rails of the

street car track as the car in question approached the crossing, and that she signaled the car to stop; that when it stopped, she laid hold of the handle bar, placed one foot upon the step, and was about to board the car when the conductor asked her to wait a minute, whereupon two ladies left the car. She claims that she continued to hold onto the handle bar, and that as soon as the alighting passengers had left the car, she again placed her foot on the step in an effort to board the car. She was carrying some parcels in her left hand. It is plaintiff's claim that while in this position the car was started suddenly, jerking her violently backwards, and that it was as suddenly brought to a standstill, after moving from 6 to 10 feet. By this violent movement plaintiff claims she was thrown to the ground, and partially drawn under the projecting step of the car, receiving the injuries complained of. It was the defendant's claim that the plaintiff did not offer herself as a passenger for carriage at the time the car was standing still, but attempted to board the same after it was in motion. Plaintiff recovered a verdict of $2,000, which was afterwards reduced to $1,500 by the circuit judge when considering the motion for a new trial. This judgment is brought to this court for review.

Defendant assigns error upon the examination of the physician. He was examined in part as follows:

"*Q.* Well, what condition did you find her in?

"*A.* I found a great deal more of the external evidences of this trouble. She still complained of being unable to sleep, and being more or less—

"*Mr. Duffy:* I move, if your honor please, that that be stricken out, 'still complained of being unable to sleep.'

"*The Court:* This was after the third visit?

"*A.* This was after the third visit. I think the question was, I believe, after the third visit.

"*The Court:* Yes.

"*Judge Beach* (counsel for plaintiff): He said he couldn't give the exact time.

"*A.* I can't give you the exact days. I saw her a number of times since that.

"*The Court:* You say she still complained. You may state when she first complained of inability to sleep.

"*Mr. Duffy:* Exception."

We are of the opinion that this question is ruled by the determination of this court in the case of *Will* v. *Village of Mendon*, 108 Mich. 251 (66 N. W. 58).

The second assignment likewise relates to the testimony of the physician to the effect that he could determine whether she was "tender at that point or not;" the objection being that the physician had not testified how he was able to make such determination, and that he might have reached his conclusions from statements made to him by the plaintiff rather than by a physical examination or observation. This objection is not tenable. Counsel for defendant could have ascertained the sources of the physician's knowledge by proper examination, had they so chosen.

The next assignment of error relates to the claim of the defendant that the verdict was against the weight of evidence. We have carefully examined the record, and we believe that the learned circuit judge was right in his disposition of this contention. We are of opinion that the record shows, by a fair preponderance of evidence, that the accident to the plaintiff happened in the manner described by her and witnesses on her behalf.

Further assignments of error are based upon the judge's charge. Taken as a whole, we think the charge fairly states the claims of the contending parties, and the law applicable thereto.

The record shows that the plaintiff was held down under the projecting step of the car, and that she could not be released after it was brought to a standstill until it was backed up some two feet; that after her release she was in a dazed condition, suffering from the shock; that she sustained a bruise over the left temple, another bruise over the left shoulder, and another over the left buttock and the lower portion of the back; that there was a swelling and abrasion of the skin over the back about one-half inch

in diameter; that the swelling was quite extensive. She was confined to her bed from 10 to 12 days, and at the date of the trial, several months thereafter, complained of recurring pains in the back. Under these conditions we are asked to say that a judgment for $1,500 is against the just rights of the defendant. We are unable to do so.

Judgment affirmed.

Ostrander, Hooker, Moore, and McAlvay, JJ., concurred.